**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

DARLA PADLO,

        Plaintiff,                Case Number: 04-74986-DT

v.                                       JUDGE PAUL D. BORMAN
                                            UNITED STATES DISTRICT COURT

VG'S FOOD CENTER, INC, d/b/a
VG'S FOOD CENTER AND PHARMACY,
a Michigan Corporation, CHERYL BIGHAM,
MICHAEL FLOETER, LISA BAY,
DEEANN OSWALD-DEBOTTIS,
in their individual and official capacities,

        Defendants.
_____ /

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Now before the Court is Defendants VG's Food Center, Inc., Cheryl Bigham, Michael Floeter and Lisa May's Motion for Summary Judgment. The Court heard oral argument on December 21, 2005. Having considered the entire record, and for the reasons stated below, the Court grants in part and denies in part Defendants' Motion for Summary Judgment.

**I.**    **BACKGROUND:**

On January 15, 2003, Cheryl Bigham ("Bigham"), a manager for VG's Food Center, Inc., doing business as VG's Food Center and Pharmacy ("VG") at its store in Howell, Michigan, reported that she was detaining two young females, Darla Padlo ("Plaintiff") and Cassandra Green ("Green"), at the store for attempted theft. (Defs.' Br. 10).

Defendant Michael Floeter ("Floeter"), an employee at VG's, heard merchandise being

1

unwrapped as he walked by an aisle. (Defs.' Reply Ex. A, Floeter Dep. 14:3-11).  He observed Plaintiff and Green "hanging around" the cosmetics' section, "looking suspiciously around them."  (Defs.' Br. Ex. B, DeBottis Report 3).  According to Floeter, he saw "at least one of the two girls . . . place[] something in her pocket." (*Id*.).  Floeter stated that Plaintiff and Green stopped in another aisle and "began unwrapping the items." (*Id*.).  During this time, he contacted Employee Lisa Bay ("Bay") to assist him in observing the girls. (*Id*.).  Floeter stated that as the girls exited the aisle, he seized several wrappers that they had shoved behind displayed products. (*Id*.).  Both Bay and Floeter observed Plaintiff attempt to shield Green as Green unwrapped and concealed the items.  (*Id*.; Defs.' Br. Ex. D, 16:13-17).

Floeter notified Bigham that he suspected that Plaintiff and Green committed theft. (Defs.' Br. 9).  Bigham confronted Plaintiff and Green after Floeter observed them removing several cosmetic items from the shelves and place them into their pockets, and that she did not personally observe any items being stolen. ((Defs.' Br. Ex. B, DeBottis Report 2).  Upon being confronted by Bigham, Plaintiff and Green began to cry. (*Id*.).  Green then took a couple of the items out of her pockets. (*Id*.).  All of the items recovered came from Green's clothing pockets. (*Id*. at 5).   Plaintiff alleges that after she removed all of her personal items from her pockets, Bigham reached into Plaintiff's pockets to check again.  (Pl.'s Resp. 1).   Plaintiff and Green were then asked to accompany Bigham to an office in a different location of the store.  (Defs.' Br. 9; Defs.' Br. Ex. C, Padlo Dep. 55:13-15).  Bigham called the police and Officer Deeann Oswald-DeBottis ("Officer DeBottis"), a trooper with the Michigan State Police, was dispatched to VG's store.  (Defs.' Br. 10).

While waiting for the police, the blinds in the office were closed.  (Pl.'s Resp. 1).

Bigham and Bay were inside the office with Plaintiff and Green, and Floeter stood near the doorway. (*Id*.). Plaintiff tried to phone her mother on her cell, but Bigham took the phone away. (*Id*.). When Officer Debottis arrived and began her investigation, Bay stood in the office doorway. (*Id*. at 2). After taking the employees' statements, Officer Debottis arrested both Plaintiff and Green for retail fraud. (Br. at 2; DeBottis Report at 3.) According to DeBottis, she arrested Plaintiff for aiding and abetting Green's retail fraud. (Docket No. 29, July 26, 2005, Opinion and Order 2).[1]

Plaintiff was charged with retail fraud for aiding and abetting Green. (*Id*. at 4). At trial, Plaintiff's attorney moved for a directed verdict but the trial judge denied the motion, reasoning, in pertinent part, as follows:

> . . . [T]here is evidence . . . from the testimony of Mr. Floeter that . . . he observed the two young ladies removing items from the shelf and then subsequently removing wrappers in another section of the store.

(*Id*. at 5). The jury subsequently found Plaintiff not guilty of the charge. (*Id*.).

On December 22, 2004, Plaintiff filed a five (5) count Complaint against VG, Bigham, Floeter, Bay, (collectively "Defendants") and Officer DeBottis based upon her detention, custodial arrest, and subsequent prosecution. (Compl. at ¶ 7). Count I alleged that Defendants falsely arrested/imprisoned Plaintiff in violation of Michigan law by detaining, arresting, and imprisoning Plaintiff without the requisite legal basis. (*Id.* at ¶¶ 25-30). Count II alleged that Defendants assaulted and battered Plaintiff in violation of Michigan law by subjecting Plaintiff to "unwanted physical contact" or threatening Plaintiff with such contact without the requisite

---

[1] Plaintiff did not advise any of VG's employees that Green was shoplifting. (*Id*.).

legal basis. (*Id.* at ¶¶ 31-34). Count III alleged intentionally inflicted emotional distress ("IIED") in violation of Michigan law. (*Id.* at 35-38). Count IV alleged that Defendants maliciously prosecuted Plaintiff in violation of Michigan law by criminally prosecuting Plaintiff without probable cause to believe that such prosecution could succeed. (*Id.* at ¶¶ 39-45). Count V alleged that Defendants, in their individual and official capacities, seized Plaintiff in violation of the Fourth Amendment to the United States Constitution, as actionable via 42 U.S.C. § 1983. (*Id.* at ¶¶ 46-51).

On March 14, 2005, Officer DeBottis filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) or, alternatively, for summary judgment under Federal Rule of Civil Procedure 56(c). On July 26, 2005, the Court granted DeBottis' Motion for Summary Judgment on all of Plaintiff's claims against her.

On July 8, 2005, Defendants VG, Bigham, Bay, and Floeter filed the instant motion for summary judgment on all of Plaintiff's claims. Plaintiff filed her response on July 29, 2005 and Defendants filed their reply on August 22, 2005.

## II.   ANALYSIS

### A.   Standard for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56, a party against whom a claim, counterclaim, or cross-claim is asserted may "at any time, move with or without supporting affidavits, for a summary judgment in the party's favor as to all or any part thereof." FED. R. CIV. P. 56(b). Summary judgment is appropriate where the moving party demonstrates that there is no genuine issue of material fact as to the existence of an essential element of the nonmoving party's case on which the nonmoving party would bear the burden of proof at trial. *Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

> Of course, [the moving party] always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* at 323; *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987).

A fact is "material" for purposes of a motion for summary judgment where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (quoting Black's Law Dictionary 881 (6th ed. 1979)) (citations omitted). A dispute over a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). Conversely, where a reasonable jury could not find for the nonmoving party, there is no genuine issue of material fact for trial. *Id.*; *Feliciano v. City of Cleveland*, 988 F.2d 649, 654 (6th Cir. 1993). In making this evaluation, the court must examine the evidence and draw all reasonable inferences in favor of the non-moving party. *Bender v. Southland Corp.*, 749 F.2d 1205, 1210-11 (6th Cir. 1984).

If this burden is met by the moving party, the non-moving party's failure to make a showing that is "sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" will mandate the entry of summary judgment. *Celotex*, 477 U.S. at 322-23. The non-moving party may not rest upon the mere allegations or denials of his pleadings, but the response, by affidavits or as otherwise provided in

5

Rule 56, must set forth specific facts which demonstrate that there is a genuine issue for trial. FED. R. CIV. P. 56(e). The rule requires that non-moving party to introduce "evidence of evidentiary quality" demonstrating the existence of a material fact. *Bailey v. Floyd County Bd. of Educ.*, 106 F.3d 135, 145 (6th Cir. 1997); *see also Anderson*, 477 U.S. at 252 (holding that the non-moving party must produce more than a scintilla of evidence to survive summary judgment).

B.  Discussion

1.  **False Arrest/Imprisonment (Count I)**

Defendants contend that Plaintiff is unable to establish the elements of false arrest and false imprisonment. Defendants argue that it did not take part in an arrest and, therefore, there can be no claim of false arrest or false imprisonment. Defendants further assert that they have a right to detain a suspected shoplifter for a reasonable time and as long as the detainment is for a reasonable time, it does not amount to false arrest or false imprisonment. Additionally, Defendants claim that they had probable cause to believe Plaintiff was shoplifting and as a result, the arrest was legal. Defendants assert that they are protected by Mich. Comp. Law section 600.2917, which protects storekeepers who suspect that shoplifting is occurring, and therefore they had a right to reasonably detain Plaintiff.

Plaintiff responds that Defendants did falsely imprison her through their words and actions. Plaintiff argues that it was clear to her that she was not free to leave the manager's office because she was surrounded by Bigham and Bay. It is Plaintiff's contention that Floeter stood in the doorway and Bay was placed at the door when the police arrived. Further, Plaintiff argues that even if the store had a right to detain Plaintiff, Plaintiff was detained beyond the time it would take to perform a reasonable investigation. Plaintiff does not address her false arrest

claim.

False imprisonment is the unlawful restraining of a person's liberty or freedom of movement. *Stowers v. Wolodzko*, 386 Mich. 119 (1971). "The [restraint] must be 'false,' i.e., without right or authority to do so." *Hess v. Wolverine Lake*, 32 Mich. App. 601, 604 (1971). "The elements of false imprisonment are: (1) actually confining another; (2) intentionally performing the act of confining another; (3) the act of confining another was performed without legal justification; and (4) the victim was aware of the confinement." *Romanski v. Detroit Entertainment, LLC*, 265 F. Supp. 2d 835, 846 (E.D. Mich 2003) (hereinafter "*Romanski I*"). Michigan courts have concluded that "there can be no such thing as an action for false imprisonment where the plaintiff has not been arrested; and while . . . manual seizure is not necessary, there must be that or its equivalent in some form of personal coercion." *Tumbarella v. Kroger Co.*, 85 Mich. App. 482 (1978). If the plaintiff voluntarily agrees to stay with the defendant, then no arrest has occurred. *Clarke v. K-Mart Corp*, 495 N.W.2d 820 (1992). "Michigan courts have held that false arrest is one type of false imprisonment; when a person is falsely arrested, he or she is always falsely imprisoned." *Romanski I*, 265 F. Supp. 2d at 846. "The elements of false arrest are (1) an arrest; (2) of a person; (3) who is innocent of the charge on which he is arrested; (4) by the defendant or at his instigation; (5) without legal justification." *Id*. Claims of false arrest and false imprisonment require the plaintiff to prove that the arrest lacked probable cause. *Burns v. Olde Discount Corp*, 212 Mich. App. 576, 581 (1995).

Plaintiff alleges the first element of false imprisonment/arrest when she claims that she was unjustly restrained and felt that she was not at liberty to leave. Defendants contend that they were legally justified. Indeed, "[i]n order to prevail on a claim of false arrest or false

7

imprisonment, the plaintiff must show that the arrest was not legal, i.e., that it was made without probable cause." *Tope v. Howe*, 179 Mich App. 91, 105 (1989) (citing *Lewis v Farmer Jack Division, Inc*, 415 Mich. 212, 218, n 2 (1982)).  In an earlier ruling, this Court found that Debottis had probable cause for arresting Plaintiff.

> [E]ven viewing the facts in the light most favorable to Plaintiff, no reasonable juror could conclude that Plaintiff's arrest for retail fraud lacked the requisite probable cause.  Before Plaintiff's arrest, Floeter told DeBottis that he observed Plaintiff and Green 'hanging around' the cosmetics' section, 'looking suspiciously around them.'  Upon interviewing Bay, DeBottis learned from Bay that, although Bay did not see Plaintiff or Green initially take any items, she later observed Plaintiff attempt to shield Green as Green unwrapped and concealed the items.  Bigham advised DeBottis that, upon being confronted, Plaintiff and Green immediately began to cry, and Green took a couple of the items out of her pockets.  Thus, as a matter of law, the facts and circumstances within DeBottis' knowledge would warrant a reasonable person in believing that Plaintiff knew that Green intended to commit retail fraud and that Plaintiff, nevertheless, aided and abetted Green in the commission of such fraud.

(Docket No. 29, July 26, 2005, Opinion and Order 13).  Likewise, Defendants here were legally justified in suspecting that Plaintiff intended to commit retail fraud or, at the least, aided and abetted in the commission of such a crime.  As stated above, Defendants' actions were the basis for Debottis' probable cause determination.  Floeter heard packages being unwrapped when he walked by the aisle where Plaintiff and Green stood. (Defs.' Reply Ex. A, Floeter Dep. 14:3-11).  He saw packages being opened by Green and Plaintiff, who were standing face to face with each other.  (Defs.' Br. Ex. D, Floeter Dep. 16: 17:14-15, 54:12-15).  It appeared to Floeter that Plaintiff was blocking Floeter's view of what was taking place.  (Defs.' Br. Ex. D, Floeter Dep 16: 13-17).  After Plaintiff and Green moved to a different part of the store, the opened packages and packaging were found in the area Plaintiff and Green vacated.  (Defs.' Br. Ex. D, Floeter Dep 17: 8-11).  When Bigham confronted Plaintiff and Green, Green removed the stolen items

from her pockets and began to cry. (Defs.' Br. 9). These facts show reasonable grounds for suspicion, supported by circumstances that are sufficiently strong for a reasonable person to believe that a crime had been committed. Therefore, the Court finds that facts and circumstances within the Defendants' knowledge warrant a reasonable person in believing that Plaintiff knew that Green intended to commit retail fraud and that Plaintiff aided and abetted Green in the commission of such fraud.[2]

Viewing the facts in a light most favorable to the Plaintiff, the result is a finding of probable cause for the detention. Plaintiff was not falsely arrested/imprisoned. Accordingly, the Court should deny Plaintiff's Motion for Summary Judgment on her False Arrest/Imprisonment claim.

### 2. Assault and Battery (Count II)

---

[2] However, even without probable cause, Plaintiff would only be able to seek nominal damages on the false arrest/imprisonment claim. In Michigan, a shopkeeper's right to detain is covered by Mich. Comp. Law section 600.2917. Section 600.2917 provides that when a shopkeeper suspects a person of:
> removing or of attempting to remove, without right or permission, goods held for sale in a store from the store . . . and if the merchant . . . had probable cause for believing and did believe that the plaintiff had committed or aided or abetted in the larceny of goods held for sale in the store . . ., damages for or resulting from mental anguish or punitive, exemplary, or aggravated damages shall not be allowed a plaintiff, *unless it is proved that the merchant . . . used unreasonable force, detained the plaintiff an unreasonable length of time, acted with unreasonable disregard of the plaintiff's rights or sensibilities, or acted with intent to injure the plaintiff.*

M.C.L. § 600.2917 (emphasis added).

It is important to note that Shopkeepers do not enjoy an absolute privilege to detain a person. *Tumbarella,* 85 Mich. App. at 491. In this case, Defendants detained Plaintiff on the premises with a reasonable belief that a crime had been committed. Plaintiff was detained for the time necessary to conduct a reasonable investigation of the facts. The facts suggested that a crime had been committed and the Defendants called the police. Officer DeBottis did not arrive at VG's for 45 minutes, though the time was not unreasonable considering that the police caused the delay.

9

Defendants' argue that they had probable cause for suspecting that Plaintiff was aiding or abetting a retail fraud. Defendants claim that no force was used against Plaintiff, nor was there any evidence that she was touched in a harmful or offensive manner. Further, Defendants assert that Mich. Comp. Law section 600.2917 applies to claims of assault and battery requiring that Plaintiff prove unreasonable force.

Plaintiff argues that Bigham's action was an intentional, offensive touching of Plaintiff's person without her consent.

"An assault is any 'intentional unlawful offer of corporal injury to another person by force . . . which create[s] a[n] . . . apprehension of imminent contact [with the] apparent ability to accomplish the contact.'" *Smith v. Stolberg*, 231 Mich. App. 256, 260 (1998); *see also Whitfield v. Meijer*, 2004 WL 357718 (Mich. App. Feb. 26, 2004) (unpublished). A battery is a harmful or offensive touching of another person which is the result of an act intended to cause the contact. (*Id*.). "An unwarranted 'touching' constituting assault and battery. *Shulman v. Lerner*, 2 Mich. App. 705, 707 (1966).

In the instant case, Plaintiff stated that she had nothing in her pockets. Bigham did not ask Plaintiff whether she could check Plaintiff's pocket and instead chose to forcibly search Plaintiff's pockets herself. Plaintiff stated in her deposition that she did not consent to the touching. (Pl.'s Resp. Ex. A, Padlo Dep. 54:18-20). Therefore, viewing the facts in a light most favorable to the Plaintiff, the Court finds that Bigham used force by searching Plaintiff's pockets without asking and that the search was non-consensual and offensive to Plaintiff.

Defendants respond that they had probable cause to detain Plaintiff. The Court understands this to mean that Defendants' claim they had probable cause to forcibly search

Plaintiff under Mich. Comp. Law section 600.2917, the shopkeepers privilege.  Defendants aver that the conduct did not rise to the level of unreasonable force under that section, and therefore there was no assault and battery.  However, section 600.2917 does not completely bar liability of a shopkeeper.  Section 600.2917 only bars damages resulting from mental anguish or punitive, exemplary, or aggravated damages.

Accordingly, the Court finds that in a light most favorable to the Plaintiff, there is a genuine issue of material fact as to whether Defendants assaulted and battered Plaintiff.  However, the Court permits Plaintiff to proceed to trial on her assault and battery claim and seek nominal damages solely against Defendant Bigham individually, and Defendant VG under *respondeat superior* liability.  Summary Judgment is granted in favor of the Defendant for the remaining Defendants on this count.

### 3. Intentional Infliction of Emotional Distress (Count III)

Defendants argue that Plaintiff admitted Defendants' conduct was not extreme or outrageous, thus failing to prove an essential element of IIED.  Defendants also contend that there is no evidence that Plaintiff experienced extreme emotional distress.  Plaintiff neither denies nor concedes the issue.

The elements of IIED are: (1) extreme or outrageous conduct, (2) which intentionally or recklessly, (3) causes (4) extreme emotional distress.  *Grochowalski v. Detroit Inter-Insurance Exchange*, 171 Mich. App. 771, 775 (1988).  *See also Romanski I*, 265 F. Supp. 2d at 848.  "Extreme or outrageous conduct has further been defined as conduct so outrageous in character and so extreme in degree that it goes beyond all possible bounds of decency and is regarded as atrocious and utterly intolerable in a civilized community."  *Grochowalski*, 171 Mich. App. at

776 (citing 1 Restatement Torts, 2d, § 46, Comment d).

Plaintiff admitted in her deposition that Defendants' conduct was not extreme and outrageous.

> Q: Now, is it your belief that VS's conduct in this case was extreme and outrageous?
> A: Extreme and outrageous, no, but over the way it should have been, yeah.
> . . . .
> Q: You believe that – you agree that VG's did not intend to cause you emotional distress?
> A: I believe they tried to scare me.
> Q: You don't believe they tried to cause you emotional distress or severe emotional distress, do you?
> A: No.
> Q: Would you agree with me that VG's appeared to be motivated by their concern over a theft in their store?
> A: Yes.

(Defs.' Br. Ex. C, Padlo Dep. 80:5-8, 18-25; 81:1). Plaintiff also testified in her deposition that she has not sought professional help for distress or depression from a psychiatrist, psychologist, social worker or family doctor. (Defs.' Br. Ex. C, Padlo Dep. 89-90). Additionally, Plaintiff testified that she has not experienced any physical symptoms because of the emotional distress. (*Id*. at 90).

The Court finds that Plaintiff concedes Defendants' behavior was not extreme or outrageous and she has not experienced or suffered any extreme emotional distress. Accordingly, the Court grants Defendants' Motion for Summary Judgment on Plaintiff's IIED claim.

### 4. Malicious Prosecution (Count IV)

Defendants argue that Plaintiff cannot prove the absence of probable cause or that the Defendants' action was undertaken with malice. According to Defendants, Plaintiff admitted

that Defendants "did not act with malice, or ill will" to her. (Defs.' Br. 18). Plaintiff argues that Defendants "turn[ed] a blind eye towards potentially exculpatory evidence known to them" in determining whether there was probable cause. (Pl.'s Resp. 6). Additionally, Plaintiff argues that the "absence of malice should be imputed when the circumstances of the arrest and illegal detention are considered." (*Id*.).

In order to establish the tort of malicious prosecution, plaintiff must demonstrate that : (1) a criminal prosecution was instituted against her by defendant, (2) the prosecution terminated in her favor, (3) there was an absence of probable cause for the criminal proceeding, and (4) defendant acted with malice or a primary purpose other than bringing plaintiff to justice. *Drobczyk v. Great Lakes Steel Corp*., 367 Mich. 318, 324 (1962).

As stated in the Court's July 26, 2005 opinion and as mentioned above, Plaintiff's detainment and arrest was supported by probable cause. Since probable cause existed, Plaintiff cannot show the third required element in a malicious prosecution claim. Further, Plaintiff has not pointed to any evidence showing that Defendant acted with malice or that their primary purpose was something other than to bring Plaintiff to justice.[3] As a result, Plaintiff cannot show the fourth element in a malicious prosecution claim. Additionally, the Court disagrees with Plaintiff's argument that Defendants only looked at inculpatory evidence, disregarding Plaintiff's statement that she was not involved. The evidence suggesting Plaintiff's involvement in the crime outweighed any exculpatory evidence provided by her statement. Plaintiff has also failed to show that Defendants turned a "blind eye" to Plaintiff's statement.

---

[3] In fact, Plaintiff agreed in her deposition that VG's actions were motivated by their concern over a potential theft from their store and did not direct ill will towards her. (Defs.' Br. Ex. C, Padlo Dep. 79-80).

Accordingly, the Court grants Defendants' Motion for Summary Judgment on Plaintiff's malicious prosecution claim.

### 5. Constitutional Violations (Count V)

Defendants argue that its actions did not constitute state action and therefore, there was no violation of the Fourth and Fourteenth Amendments. Defendants assert that Plaintiff was not apprehended by a private security guard, but rather by employees of VG's. Further, Defendants claim that they were not acting as law enforcement officials. Plaintiff neither denies nor concedes the issue and does not respond to Defendants' arguments.

> Section 1983 provides:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action of law . . .

42 U.S.C. § 1983. According to the statute, "Plaintiff must demonstrate that Defendants deprived her of a right secured by either the Constitution or a statute while Defendants were 'acting under color of state law.'" *Romanski I*, 265 F. Supp. 2d at 841. "Under § 1983, a private party's action may constitute state action; those actions, however, must be 'fairly attributable to the state.' State action may be found if a private person exercised powers that are traditionally reserved to the State." *Id.* (citations omitted).

Defendants did not exercise power exclusively reserved to the states. They detained Plaintiff to make a reasonable investigation until a police officer could arrive at the scene. It was a police officer who later arrested Plaintiff. "Investigation of a possible crime on an employer's premises 'does not transform the actions of a private security officer into state action.'"

14

*Romanski v. Detroit Entertainment, LLC*, 428 F.3d 629, 651 (6th Cir. 2005) (citing *Chapman v. Higbee Co.*, 319 F.3d 825, 834 (6th Cir. 2003)) (hereinafter "*Romanski II*").  In the instant case, the investigation was not done by a private security officer or a private security police officer, but by employees of VG's.  Private actors are authorized under Michigan law to detain individuals suspected of committing crimes on private premises.  M.C.L. § 600.291.  Section 600.291 authorizes a merchant, agent of a merchant, or independent contractor providing security for a merchant to detain a suspected shoplifter on probable cause.   Therefore, Defendants' actions can not be attributable to the state and Defendants were not acting under color of state law.  Accordingly, the Court grants Defendant's Motion for Summary Judgment on Plaintiff's Constitutional Violation claims.

### III.   CONCLUSION

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion for Summary Judgment.  The Court DENIES Defendants' Motion on Count II as applied to Defendants Bigham and VG's but GRANTS Defendants' Motion as applied to Defendants Floeter and Bay.  The Court GRANTS Defendant's Motion on Counts I, III, IV, and V.

**SO ORDERED**.

s/Paul D. Borman  
PAUL D. BORMAN  
UNITED STATES DISTRICT JUDGE

Dated:  December 29, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 29, 2005.

s/Jonie Parker  
Case Manager
